# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DRUSILLA L. JACKSON,**
                **Plaintiff,**

**-vs-**                                  **Case No. 6:08-cv-1933-Orl-18DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION,**
                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED**.

## *I. BACKGROUND*

### A. Procedural History

Plaintiff filed for a period of disability and disability insurance benefits on March 22, 2005. R. 17. She alleged an onset of disability on December 8, 2003, due to chronic neck and low back pain. R. 39, 61, 65. Her application was denied initially and upon reconsideration. R. 48, 50-52. Plaintiff requested a hearing, which was held on January 9, 2007 before Administrative Law Judge

Philemina Jones (hereinafter referred to as "ALJ"). R. 311-32. In a decision dated February 21, 2007, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 17-22. Plaintiff timely filed a Request for Review of the ALJ's decision, which was denied on September 11, 2008. R. 7, 13. Plaintiff filed this action for judicial review on November 12, 2008. Doc. No. 1.

### B. Medical History and Findings Summary

Plaintiff was born on November 24, 1953, and was 50 years old as of her alleged onset date. R. 55. She completed her GED in 1972 and had past relevant work as a data entry clerk, a cashier and customer service manager, various positions at ABC Fine Wine & Spirits, and as a boat preparation worker. R. 112.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of chronic neck and low back pain. R. 39, 65. She was treated by Dr. Reginald Tall of the Jewett Orthopaedic Clinic since July 17, 1998 (R. 191 - 222), although her alleged onset date is December 8, 2003. R. 17. After many years of conservative treatment, on August 25, 2004, Dr. Tall performed a cervical spine fusion at C5-6. (R.132) When lumbar discography revealed concordant pain at L4-5 and L5-S1, Dr. Tall performed both an anterior and posterior fusion at L4-5 and L5-S1 on December 27, 2005. R. 120; 195.

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from a back disorder, which was a "severe" medically determinable impairment, but not an impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 19, 22. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work as a data entry clerk, which did not require the performance of work-related activities precluded by the claimant's residual functional

capacity. R. 22. In making this determination, the ALJ found that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible for the reasons set forth in the body of the decision. R. 22. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 23.

Plaintiff now asserts two points of error. She argues that the ALJ erred by improperly according "great weight" to the opinion of a consultative examiner in determining that the claimant was not disabled. Plaintiff also claims the ALJ erred by finding she had the functional capacity to sit, and, therefore, posed an inaccurate and incomplete hypothetical question to the VE. For the reasons that follow, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED**.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of

the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

## III.  ISSUES AND ANALYSIS

### A. RFC and the treating physician's opinion

Plaintiff claims that the ALJ should not have found her able to perform her past relevant work as a data entry clerk, instead giving great weight to the opinion of a consulting examiner, Dr. Nwaogwugwu. On June 2, 2005, Dr. Nnamdi Nwaogwugwu conducted a physical consultative examination (CE) of Plaintiff. R. 164. Dr. Nwaogwugwu noted that Dr. Tall treated Plaintiff for orthopaedic conditions and that Dr. Basisht refilled her various medications. Plaintiff contends that

Dr. Nwaogwugwu's CE was conducted before the time that Dr. Tall referred Plaintiff to Dr. Jungreis for pain management (from July 15, 2005 – December 13, 2006) and does not reflect the pain management treatment. The Commissioner argues that the ALJ properly gave "great weight" to Dr. Nwaogwugwu's opinion because his findings were consistent with the overall medical evidence of record.

The ALJ found that Plaintiff retained the RFC to perform her past relevant work as a data entry clerk, which did not require the performance of work-related activities precluded by the claimant's residual functional capacity. R. 22. Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

Plaintiff argues that the ALJ erred in adopting Dr. Nwaogwugwu's consultative opinion and failing to provide good cause for rejecting Dr. Tall's opinion which was based on extensive

orthopaedic treatment since July 17, 1998, and included his opinion that Plaintiff was "unable to perform her previous occupation." Plaintiff contends that at the time Dr. Tall's opinion that Plaintiff could not perform her "previous occupation," her "immediately previous occupation was as a data entry clerk," citing R. 112 and 248 (Tall's treatment note dated March 9, 2006 which lists employer as Pegasus Global Inc.). Plaintiff argues that it was reversible error for the ALJ to rely on Dr. Nwaogwugwu's CE when he did not review any of Dr. Tall's records and the ALJ should not have accorded "great weight" to his opinion in finding that Plaintiff could perform her past relevant work as a data entry clerk in contravention of Dr. Tall's opinion. Plaintiff points to the date of Dr. Nwaogwugwu's CE – June 2, 2005 (R. 164-67) – which occurred before Plaintiff began pain management treatment with Dr. Jungreis and before Dr. Tall rendered his opinion on March 9, 2006 that Plaintiff could not return to her previous occupation. Plaintiff also contends that the ALJ erred in failing to provide good cause or discussion as a basis for rejecting Dr. Tall's opinion that the claimant could not return to her previous occupation.

The Commissioner contends that the ALJ properly gave more weight to the consultative examiner Dr. Nwaogwugwu's findings because his findings were consistent with the overall medical evidence of record in that Dr. Nwaogwugwu noted that Plaintiff complained of low back pain secondary to cervical and lumbar fusion, and her reports that she could not stand for more than five minutes before developing low back spasms, and needed assistance tying and putting on her shoes. R. 164. Plaintiff also described her pain as constant but variably intense, dull, aching, and throbbing low back pain that worsened with any type of activity, and left leg weakness, with overall pain at a level six on a scale of one to ten. R. 164. Dr. Nwaogwugwu diagnosed Plaintiff with lumbosacral sprain/strain, L4-L5, L5-S1 spinal fusion, and history of anterior cervical decompression and fusion on August 24, 2004. R. 166.

The Commissioner points to Dr. Nwaogwugwu's examination which, although it revealed Plaintiff had some pain, noted that Plaintiff was able to heel, toe, and tandem walk without any difficulty. R. 165-66. While he initially observed her walking with a rolling walker, he noted that she was able to walk down the hall without the rolling walker and was able to heel and toe walk with the left hand supported, and she was able to walk down the hall with minimal assistance. R. 165-67. Dr. Nwaogwugwu opined that Plaintiff could lift and carry 20 pounds occasionally, sit about four hours before needing to change positions, and stand and walk two hours during an eight hour workday; she could occasionally bend, stoop, or crouch; and assigned no manipulative limitations in her ability to reach, feel, or grasp. R. 166-67. The Commissioner argues that Dr. Nwaogwugwu did not indicate that Plaintiff's condition caused disabling limitations or that she was unable to perform a reduced range of sedentary work, including her former work as a data entry clerk, thus the ALJ properly gave more weight to Dr. Nwaogwugwu's findings, and found his opinion was supported by the opinions of the state agency medical consultants, who reviewed the medical evidence of record in July and October 2005. R. 183-90, 224-31 (Ms. Linda W. Bowie and Glenn E. Bigsby, D.O., on July 1, 2005, and October 19, 2005 - concluding that Plaintiff could perform light work with some non-exertional limitations).

The Commissioner argues, "[w]hile Plaintiff claims that Dr. Nwaogwugwu did not have the opportunity to review all of the evidence of record, including Dr. Tall's opinion that she could not return to her former work, the *ALJ did* review all of the evidence" and "Plaintiff's ability to work concerns an issue reserved to the [ALJ]" thus Dr. Tall's opinion "was not entitled to controlling weight" or "special significance."

Plaintiff is correct that Dr. Nwaogwugwu merely noted that Plaintiff had been treated by Dr. Tall for back problems including surgery based on Plaintiff's reports – he apparently did not review Dr. Tall's records before rendering his functional assessment opinion:

> I am of the opinion that the claimant can sit for approximately four hours before requiring interval change in position. She can stand and walk two hours out of an eight hour day. She will be limited by fatigue and some low back pain. She currently utilizes a rolling walker for ambulation. I do not believe that this is medically necessary. The claimant was able to walk down the hall with minimal assist [sic]. She can lift and carry occasionally 20 pounds. There are occasional postural limitations with bending, stooping or crouching. The occasional limitations would be due to the lumbar spasm history of low back fusion.

R. 166-67. The consulting examiner, Dr. Nwaogwugwu, was not *required* to review Plaintiff's treatment records from her long-standing treating orthopedist, even if that might prudently assist in laying the foundation for the CE functional assessment; Dr. Nwaogwugwu's report indicates that he performed his own range of motion and other functional testing in order to formulate his opinion. R. 164-67. While this conclusion does not disqualify consideration of Dr. Nwaogwugwu's opinion, the circumstances detract from its persuasive value as part of the ALJ's analysis. This is particularly so when the differing opinions were essentially disregarded by the finder of fact as well.

Plaintiff contends that the ALJ failed to adequately support her rejection of the opinion of Plaintiff's treating orthopedist Dr. Tall. The Commissioner contends that substantial evidence supports the ALJ's decision to give "great weight" to the consultative examiner's opinion over that of the treating physician. To the contrary, the ALJ does not explain why she failed to give substantial weight to Dr. Tall's opinion, or why she gave great weight to Dr. Nwaogwugwu's contrary consulting opinion – the ALJ fails to explain any reason whatsoever for rejecting Dr. Tall's opinion.

Under the social security regulations, the ALJ is required to review the treating physician's records, and give substantial weight to the treating physician's opinion, diagnosis and medical evidence if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques,

and is not inconsistent with the other substantial evidence in the record. If the treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.

With regard to Dr. Tall's treatment of Plaintiff, the ALJ briefly summarized Plaintiff's treatment history as, but did note Dr. Tall's opinion that Plaintiff could not return to her previous occupation:

> The claimant was admitted to the hospital on December 27, 2004, for L4-5 and L5-S1 discogenic pain. Conservative measures had failed to alleviate her discomfort and recent discography revealed concordance at L4-5 and L5-S1 level. The claimant was admitted for elective anterior-posterior spinal fusions. Jon Wesley, M.D. of Vascular Surgery, and Dr. Tall performed the procedures and the claimant was transferred to the recovery room in stable condition. On January 6, 2005, the claimant was discharged and advised to follow up with Dr. Tall in his office.
> * * *
> On June 8, 2005, the claimant saw Dr. Tall for continued evaluation and management. She had continued to experience exertional pain and sitting intolerance of less than 30 minutes. The claimant utilized a walker for assistance with prolonged ambulation. She stated she had continued with her ambulation program as directed. She reportedly had approximately a 30 pound weight loss with concerns for a misfitting brace. She had specific requests for Soma medication for muscle spasms. *Dr. Tall opined that from an orthopedic standpoint, the claimant was unable to return to her previous occupation and that her underlying neurologic condition represented a permanent condition.*

R. 19, 21 (emphasis added). While the ALJ acknowledged Dr. Tall's opinion that Plaintiff "could not return to her previous occupation" and that her "condition was permanent," the ALJ failed to explain why she gave no credence to his opinions and failed to even discuss why they were rejected. The ALJ cites Dr. Nwaogwugwu's opinion in the context of refuting *Plaintiff's* credibility as to limitations from her pain, but the ALJ fails to negate or explain why she gave no credence to *Dr. Tall's* findings.

Moreover, the ALJ's analysis of Plaintiff's pain relies on Dr. Nwaogwugwu's less timely June 2, 2005 opinion and omits any mention of objective evidence of treatment records from *eighteen months* later (December 2006) from Plaintiff's pain medicine treating physicians at the National Pain

-9-

Institute in December 13, 2006, where she had decreased range of motion in all places, tenderness in the lower back area and pain level of seven out of ten[1]. R. 285. The ALJ did cite to the National Pain Institute's December 13, 2006 treatment notes (R. 21) but omits references to the notes from just a month before, in November 2006, when Dr. Jungreis described Plaintiff as having "severely diminished range of motion of the lumbar spine with mild point tenderness," and weakness in the lower extremities, particularly left lower extremity, rated – 5/5. R. 289.

While the ALJ considers and rejects Plaintiff's testimony regarding her pain level, the ALJ omits any discussion of why she rejected Dr. Tall's opinion that Plaintiff could not perform her previous occupation. This ALJ omitted any discussion of why she rejected Dr. Tall's opinion, or the November 2006 treatment notes from the National Pain Institute; thus, her decision was not based on substantial evidence.

### B. Vocational Expert

Plaintiff asserts that the ALJ also erred in posing an inaccurate and incomplete hypothetical question that included Dr. Nwaogwugwu's opinion that she could sit for "four hours before requiring interval change in position" and the opinion of the non-examining reviewing physicians that she could sit for six hours in an eight hour workday. R. 23. Under the SSA regulations, for a claimant to be found capable of performing "sedentary" work (such as the work performed by a data entry clerk), the claimant must be able to sit for up to six hours. SSR 96-9p. The ALJ's only hypothetical to the VE posed the non-examining physician's six-hour sitting limitation, which, based on the reasons set forth above, did not consider Dr. Tall's opinion, and omitted even the opinion of the CE, Dr. Nwaogwugwu R. 330. For this reason, the ALJ's opinion was not based on substantial evidence.

---

[1] There are references in the December 13, 2006 notes to Plaintiff having a "gait analysis done to see whether or not she had good coordination for walking and other parameters that would be involved with safety ambulation" but not having the results, and a nerve test which was scheduled for December 18, 2006, but neither set of results appear to be in the Record. R. 285.

## *IV. CONCLUSION*

For the reasons set forth above, the ALJ's decision is not supported by substantial evidence. Accordingly, it is respectfully **RECOMMENDED** that the decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) and the Clerk of the Court be directed to enter judgment consistent with this opinion and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 14, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy